IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| CARLYLE BRYAN, JULIE BEBERMAN And CHARLES FRANCIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 2010-66 |
| Plaintiffs, |  |  |
| v. |  |  |
| UNITED STATES OF AMERICA, et al., |  |  |
| Defendants. |  |  |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on various discovery-related motions: Defendants' Motion to Strike (DE 85); Defendants' Motion for a Protective Order (DE 99); Defendants' Motion to Strike (DE 129); Plaintiffs' Motion for Extension of Time (DE 130); Plaintiffs' Motion to Compel (DE 131); Defendants' Emergency Motion to Seal (DE 132); Defendants' Motion for a Protective Order (DE 141); Plaintiffs Motion to Compel (DE 142); Defendants' Motion to Strike (DE 143) and Plaintiffs' Motion for Extension of Time (DE 144). Many of these motions are interrelated and their resolution depends on an understanding of the somewhat convoluted procedural history of this matter.

### 1. Facts and Procedural Background

A brief summary of the factual background of this matter is necessary in order to put the pending motions in context. From August 31 through September 7, 2008, plaintiffs were passengers on a cruise. Their vessel docked at St. Thomas, U.S. Virgin Islands on September 6 and in Puerto Rico on September 7. Pltfs' First Am. Comp. (DE 38), ¶¶ 5-6, 18, 37. The individual defendants are officers with the Customs and Border Protection ("CBP") arm of the

*Bryan v. United States*
Civil No. 2010-66
Page 2

Department of Homeland Security. *Id.* at ¶ 4. The claims in the Amended Complaint arise from the September 6 and 7, 2008 searches of the plaintiffs' shipboard cabins conducted by one or more of the individual defendants, while in the course of their duties for CBP and for the United States of America.[1]

Plaintiffs filed their complaint on July 23, 2010. (DE 1) After initial motion practice, on January 20, 2011, the Court entered a Scheduling Order (DE 24) that provided, among other dates, that all fact discovery was to be completed by August 15, 2011. After the motion to dismiss was resolved and plaintiffs were permitted to amend their complaint, in May 2011, plaintiffs served defendants with written discovery requests. (S*ee* DE 53) Defendants responded to the written discovery on June 30, 2011. (DE 59)

On July 25, 2011, plaintiffs moved to extend the time for taking depositions "until thirty days after Defendants have fully responded" to plaintiffs written discovery. (DE 67, at 1) Plaintiffs argued that they required more disclosures so that they would "be able to conduct meaningful depositions," which they could accomplish during a one week span. *Id.* at 1, 3. Plaintiffs attached as an exhibit to their motion a letter dated July 23, 2011 (DE 67-2) that described alleged deficiencies in defendants' discovery responses. Although the July 23, 2011 letter asked that the parties meet and confer about the dispute, the docket does not reflect that such a meeting occurred, or that plaintiffs moved to compel the allegedly missing discovery. On July 26, 2011, the parties

---

[1] The First Amended Complaint alleges five causes of action: one count each against the United States of America for invasion of privacy, false imprisonment and intentional infliction of emotional distress; and two counts against individual defendants purporting to state claims under *Bivens v. Six Unknown Agents of the Fed. Bur. Of Narcotics*, 403 U.S. 388 (1971). *See* Pltfs' First Am. Comp. (DE 38), ¶¶ 54-80.

*Bryan v. United States*
Civil No. 2010-66
Page 3

had a status conference with the District Court (DE 69), and on August 9, 2011, defendants served plaintiffs with supplemental discovery. (DE 76)

On August 26, 2011, despite not having filed a motion to compel, plaintiffs filed a document titled "Plaintiffs' Reply to Defendants' August 9, 2011 Response to Plaintiffs' 'Motion to Compel'" (DE 81)[2] They argued that at the July 26 conference, the Court "characterized" their July 23, 2011 letter as a motion to compel. (DE 81 at 1) Defendants thereafter moved to strike (DE 85; the "First Motion to Strike") the plaintiffs "Reply", denying that the Court deemed the letter to be a motion, and stating instead that the Court chastised plaintiffs for trying to "backdoor" a motion to compel without following the applicable local rules regarding a pre-filing conference and stipulation. Defendants argue they were told to fully respond to the discovery by August 9, 2011, and they did so. (DE 85, ¶¶ 2-3) In opposing the First Motion to Strike, plaintiffs argued that striking the purportedly offending document was not appropriate under Federal Rule of Civil Procedure 12(f), which is limited to pleadings, and stated "[d]epositions have now been completed." (DE 93 at 1-2)

On October 6, 2011, plaintiffs moved to extend the time for them to respond to defendants' summary judgment motion, which had been filed on September 22, 2011, the "very last day for filing such motion." (DE 98) Notably, plaintiffs did not argue that they needed more discovery in order to respond, and made no claim for time under Federal Rule of Civil Procedure 56(d). The Court granted the motion for more time. (DE 100)

---

2 Defendants moved (DE 84) to seal the plaintiffs' document at DE 81, contending that it revealed confidential information that had been marked as such, and supplied in anticipation that the parties would agree to the parameters of an appropriate protective order. Plaintiffs did not object to the entry of an order sealing the document (DE 86), and the Court granted the motion to seal (DE 89).

*Bryan v. United States*
Civil No. 2010-66
Page 4

Although the defendants had already supplemented their discovery responses, because the parties had not yet been able to agree on the scope of a proposed confidentiality stipulation, on October 7, 2011, defendants moved for the entry of a protective order, to govern the use of the documents previously produced as "confidential." (DE 99) Defendants primarily relied on the law enforcement privilege and the Privacy Act as the basis for the order sought.[3] Plaintiffs opposed a broad protective order, raising concerns of over-designation, and arguing they wanted to be able to use the information produced in other proceedings. (DE 109) They later filed a further opposition, stating that they had no objection to a reasonable protective order, but they maintained they should not have to agree to limit the use of information to the instant matter, or to destroy it at the conclusion of the case. (DE 126)[4]

After the case was reassigned in November 2011, the District Court scheduled arguments on the motions for summary judgment and for a protective order for February 24, 2012. On the day before the arguments were scheduled to be heard, plaintiffs moved *in limine* to exclude certain evidence "if introduced to show that any law enforcement officers had a reasonable suspicion that Plaintiffs were involved in criminal activity on September 6 or September 7, 2008." (DE 120 at 1)[5] Plaintiffs argued that "any evidence acquired after the search was conducted is irrelevant to the reasonable suspicion inquiry." *Id.* Defendants opposed and moved to strike the motion i*n limine,* contending the motion was merely late additional material in opposition to the summary

---

[3] On February 23, 2012, defendants filed the Affidavit of Kevin K. McAleenan, Acting Assistant Commissioner, Office of Field Operations, CBP, in support of their motion for a protective order. (DE 119)

[4] The Court will address the motion for a protective order (DE 99) in a separate opinion.

[5] The Court will address the motion *in limine* (DE 120) in a separate opinion.

judgment motion, which was improper. (DE 129; the "Second Motion to Strike")[6]

On March 27, 2012, plaintiffs moved to compel (DE 131; the "First Motion to Compel") defendants to respond to discovery that had been served in May 2011, and to which defendants responded in June 2011, and which responses were supplemented in August 2011. Plaintiffs again argued that the Court in July 2011 had "characterized" their letter complaining of discovery deficiencies as a motion to compel. Plaintiffs also pointed out that the Court had granted their motion for extension of time to complete discovery on March 1, 2012. *Id.* at 19-20. Also in support of their motion, plaintiffs submitted a March 8, 2012 letter that appears to restate the complaints in their July 23, 2011 letter (at DE 67-2), to which defendants responded by letter that they would not supplement discovery because discovery had closed months earlier. (*See* DE 131 at 20) Finally, plaintiffs represented that "the parties have stipulated pursuant to LRCi 37.2." *Id.*[7] Defendants opposed the First Motion to Compel (DE 138), primarily on the basis that discovery had closed months before and the March 1, 2012 Order did not reopen it. Defendants

---

[6] In March 2012 plaintiffs then moved, via a curiously-titled document, "for Extension of Time to Conduct Further Discovery Before Replying to Opposition to Defendants' Motion in Limine." (DE 130) What plaintiffs actually sought was the opportunity to conduct some "limited" discovery so they could file a reply in support of their own motion in limine. In this motion, plaintiffs assert that in his deposition, which had apparently been taken many months previously (*see* DE 93), one of the officers testified about certain documents he might have seen prior to the searches in issue. Plaintiffs sought the opportunity to serve additional requests or to receive supplementation of prior discovery responses, again without having moved to compel. Plaintiffs attached to their motion a "Second Set of Interrogatories" they wished to serve on defendants. (DE 130-1) Without waiting for a ruling, plaintiffs served the second set of interrogatories on defendants on March 29, 2012. (DE 133)

[7] Docket Entry 131-14 purports to be a stipulation in compliance with Local Rule 37.2 and states that the parties "certify that the undersigned counsel met and conferred on the March 8, 2012 letter attached hereto." (DE 131-14) On the day this motion was filed, defendants moved to seal the motion to compel and its exhibits, because the anticipated protected order still had not been agreed to or entered, and the documents had been produced as "confidential" (DE 132). Plaintiffs did not object to that relief (DE 136). Although the docket does not reflect an order to that effect, the document was in fact sealed. The Court thus finds the motion to seal (DE 132) is MOOT.

*Bryan v. United States*
Civil No. 2010-66
Page 6

claim the motion thus was not timely.[8]

As an adjunct to their opposition to any effort to reopen discovery, defendants on June 1, 2012 filed a motion for a protective order, directed to plaintiffs' Second Set of Interrogatories, and any other "untimely discovery requests." (DE 141)  Plaintiffs then moved to compel defendants to answer the Second Set of Interrogatories (the "Second Motion to Compel"). (DE 142)  Defendants included a Local Rule 37.2 stipulation and letter with their motion (DE 141-2); plaintiffs did not, although they again represented that the "parties have met and conferred." (DE 142 at 2)  Defendants moved to strike the Second Motion to Compel (DE 143; the "Third Motion to Strike") for lack of compliance with the local rules, in particular LRCi 37.1 and 37.2.

After filing an unopposed motion for an extension of time to respond to defendants' motions for a protective order and the Third Motion to Strike (DE 144),[9] plaintiffs opposed the protective order, arguing they should be permitted to "conduct additional discovery to obtain these answers that are central to their case." (DE 145 at 3)  With respect to the Third Motion to Strike, plaintiffs contend that they were "relying" on defendants' stipulation as included with the motion for protective order to serve as their local rule compliance prior to filing their Second Motion to Compel. (DE 146)

---

[8] Plaintiffs filed a reply in support of their motion to compel (DE 139) in which they acknowledged that the Court did not in fact treat their July 2011 request for more time for discovery as a motion to compel, but rather "admonish[ed]" them, and stated they are "unclear as to whether and how [the Court's March 1, 2012] Order affects any discovery deadlines. The Court has entered no other Orders extending discovery deadlines." (DE 139 at 3)

[9] The Court grants the motion for extension of time (DE 144) *nunc pro tunc* June 13, 2012.

*Bryan v. United States*
Civil No. 2010-66
Page 7

## II.     Legal Standards

Federal Rules of Civil Procedure 26 through 37 govern the conduct of discovery. Rule 26(b) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," subject to certain limitations as described in Rule 26(b)(2)(C). "'[C]ontrol of discovery is committed to the discretion of the trial court.'" *Jimenez v. Pepsico Foods Caribbean*, 2011 U.S. Dist. LEXIS 116100, *7 (D.V.I. Oct. 6, 2011)(quoting *McMullen v. Bay Ship Mngmt,* 335 F.3d 215, 217 (3d Cir. 2003)). As the Court observed in *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*:

> Pursuant to *Rule 16(b)(4)*, "[a] schedul[ing order] may be modified only for good cause and with the judge's consent." FED. R. CIV. P. *16(b)(4)*. The rationale for the "good cause" requirement for modification of a court's scheduling order is that "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986)*; *see also Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 790 (1st Cir. 1988)* ("[Such orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved.") *cert. denied, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989)*.

2008 U.S. Dist. LEXIS 82142, *17-18; 50 V.I. 727 (D.V.I. Oct. 15, 2008).

When a party fails or refuses to cooperate by responding to properly requested discovery, Rule 37 provides a mechanism by which the requesting party may seek and obtain an order compelling discovery. Fed. R. Civ. P 37(a). Before a party may file a motion to compel discovery, however, our local rules provide that the parties must engage in a process designed to eliminate the need for the filing of motions, if that is possible. Pursuant to Local Rule 37.1, the parties must "meet and confer" in good faith regarding any claimed deficiencies in discovery responses, after the requesting party has set forth such deficiencies in detail in a letter to the other

*Bryan v. United States*
Civil No. 2010-66
Page 8

party. LRCi 37.1. Local Rule 37.2 then sets out the procedure for and required content of any motion to compel, including that the parties must stipulate that they complied with LRCi 37.1. A court will not address any discovery motion in the absence of compliance with these local rules. LRCi 37.2(c). Moreover, absent extenuating circumstances, a motion to compel must be filed within the time permitted for the completion of discovery. *Jimenez,* 2011 U.S. Dist. LEXIS 116100, *8-9 (citing *Clarke v. Marriott Int'l, Inc.*, 2010 U.S. Dist. LEXIS 40813, *19 (D.V.I. Apr. 23, 2010) and collecting other cases).

In appropriate circumstances, Rule 26(c) allows a party to apply to the court for a protective order -- after conferring in good faith with the other party to attempt to resolve the dispute without court action – that forbids or otherwise limits discovery. Fed. R. Civ. P. 26(c).

Federal Rule of Civil Procedure 12(f) has been held to control motions to strike. *See, e.g., Manville Sales Corp. v. Paramount Systems, Inc.,* 1988 U.S. Dist. LEXIS 4751, *4 (E.D. Pa. May 23, 1988). In *Manville*, the court observed that a motion to strike "'is not appropriate with regard to affidavits, parties or any matter other than that contained in the actual pleadings." *Id.* at *4-5 (citations omitted)(finding that a brief in response to a motion to compel is not subject a motion to strike). *Accord* Fed. R. Civ. P. 37(b)(2)(A)(iii) (the rule permits a court to strike "pleadings in whole or in part"). Further, the *Manville* Court noted that granting a motion to strike would be an extraordinary remedy, reserved for cases where there has been a "*flagrant disregard of the Rules of Court,*" or where "the court would be prejudiced or misled by the inclusion in the brief of the improper material." *Id.* at *7 (citations omitted, emphasis in original).

*Bryan v. United States*
Civil No. 2010-66
Page 9

### III. <u>Analysis</u>

In the present case, under its case management authority the Court entered a Scheduling Order calling for the completion of discovery by August 15, 2011. (DE 24) With respect to extending that discovery period, at most the Court only granted plaintiffs, as requested in their July 25, 2011 motion, an extension of time to take depositions until 30 days after defendants responded to plaintiffs' written discovery. Defendants responded on August 9, 2011, the depositions proceeded, and discovery closed in September 2011.[10] This conclusion is buttressed by the fact that in their filing on October 6, 2011 (DE 98), plaintiffs only asked for an extension of time to respond to defendants' summary judgment motion due to counsel's and plaintiffs' scheduling issues; they did not seek additional discovery under Fed. R. Civ. P 56(d), or otherwise.

With fact discovery having closed in September 2011, the Court cannot but conclude that plaintiffs' First and Second Motions to Compel were untimely, having been filed six and nine months respectively after the discovery cut-off date. (*See* DE 131, 142)[11] And although plaintiffs claim to have continuously complained about discovery deficiencies, the fact is they

---

10 The Court's March 1, 2012 Order granting the extension "*nunc pro tunc*" (DE 124) can only reasonably be read to have allowed depositions to be completed once the defendants made their August 9, 2011 supplemental production. If the Court had meant to wholesale "reopen" discovery -- once it had already heard argument on summary judgment in February 2012 -- it would have so stated. Further, plaintiffs acknowledged that the depositions they had sought the extra time to take had been completed by late September 2011 (DE 93).

11 The Second Motion to Compel (DE 142) is also subject to denial for the additional reason that plaintiffs failed to comply with the pre-filing requirements of LRCi 37.1 and 37.2. There is nothing in either of those rules that permits a party to skip those steps simply because another party has followed them with respect to a different motion.

Regarding the First Motion to Compel (DE 131), the Court notes that plaintiffs did submit what purports to be a stipulation complying with LRCi 37.2 (DE 131-14), which included a representation that the parties "met and conferred." This representation is belied by the record plaintiffs present, however, which demonstrates only that plaintiffs sent a letter to which defendants replied by way of another letter. The Court does not consider this exchange to have satisfied the requirement to "meet and confer," and admonishes both parties to avoid making such a potentially misleading representation in the future.

*Bryan v. United States*
Civil No. 2010-66
Page 10

simply failed to file their motions in anything resembling a timely manner, and they give no sufficient reason why the motions could not have been filed sooner. The motions to compel are denied.

Likewise, plaintiffs' motion for an extension of time to conduct additional discovery in order to file a reply in support of their motion *in limine* (DE 130) was filed way beyond the close of fact discovery, the plaintiffs had already deposed the person from and about whom they sought additional material, and plaintiffs failed to adequately explain why they were not able to obtain this particular discovery (the information sought in the Second Set of Interrogatories) any earlier. As a result, they have failed to demonstrate the requisite good cause, and the request for more time to take such discovery is not meritorious.

As noted, defendants filed three motions to strike: one to strike a document called a "reply" in support of a motion to compel (DE 85); one to strike a motion *in limine* (DE 129); and one to strike the Second Motion to Compel (DE 143). Each of these motions is more in the nature of an opposition to the document to which it is directed, and defendants should refrain from multiplying the motion practice by such needless motions, when a straightforward opposition will suffice. None of these motions is directed to a "pleading," and none present circumstances from which the Court should conclude that the document sought to be "stricken" was filed "in flagrant disregard" of the Court's rules. The defendants have not demonstrated entitlement to this "extraordinary" remedy, and the motions to strike are denied.

Finally, with respect to the motion for a protective order directed to plaintiffs' Second Set of Interrogatories (DE 141), this Court finds, as it has previously noted, that such discovery was served many months out of time, and that plaintiffs did not show good cause for an extension of the

*Bryan v. United States*
Civil No. 2010-66
Page 11

discovery schedule. As a result, defendants are entitled to an order shielding them from having to respond to that discovery.

IV. **Conclusions**

Accordingly, it is hereby ORDERED:

1. Defendants' motion to strike (DE 85) is DENIED;

2. Defendants' motion to strike (DE 129) is DENIED;

3. Plaintiffs' motion for extension of time (DE 130) is DENIED;

4. Plaintiffs' motion to compel (DE 131) is DENIED;

5. Defendants' emergency motion to seal (DE 132) is MOOT;

6. Defendants' motion for a protective order (DE 141) is GRANTED;

7. Plaintiffs' motion to compel (DE 142) is DENIED;

8. Defendants' motion to strike (DE 143) is DENIED; and

9. Plaintiffs' motion for extension of time (DE 144) is GRANTED *nunc pro tunc* June 13, 2012.

**Dated:** October 24, 2012         S\ _____
                                    **RUTH MILLER**
                                    United States Magistrate Judge